IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RONALD D. CHICK, )
)
        Plaintiff, )
)
v. ) No. 05-4102-SSA-CV-C-WAK
)
JO ANNE B. BARNHART, Commissioner, )
Social Security Administration, )
)
        Defendant. )

## **ORDER**

    Claimant Ronald D. Chick seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning on February 17, 2003. The parties' briefs are fully submitted, and this appeal is ready for ruling.

    "Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

    In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Ronald Chick was born in 1955 and has a ninth-grade education. He has worked as a driver, stocker, parts runner and on-the-road driver. He claims disability due to uncontrolled hypertension, arthritis, flat feet and joint pain. His medical records indicate he is diabetic, and has a thyroid condition, dry mouth and high cholesterol. He does not appear to have a home, but lives with his brothers, moving from one location to the next.

The administrative law judge (ALJ) found claimant had the severe impairment of hypertension, but indicated it was severe only because claimant did not comply with his treatment regimen. After considering the evidence, he found claimant could not return to his

past relevant work but had the residual functional capacity to perform medium work and light, unskilled work, such as a hospital cleaner, packager, small parts assembler and electronics inspector.

Chick asserts the ALJ erred in determining his residual functional capacity, and the case should be remanded because the decision was made prior to receipt of some medical records. Further, the appeals council did not give an indication that certain of the records they received were considered.

Here, the medical records clearly indicate Chick had a serious problem with hypertension, and his physicians noted on several occasions that he had completed his supply of medication but had not renewed the prescriptions because of a lack of funds. On several occasions his condition was sufficiently severe that he was hospitalized.

It appears that shortly before the final decision in this case, claimant may have found a means by which to obtain medication, but it is not clear if claimant's conditions would stabilize sufficiently for him to work if he received the medications on a regular basis.

His treating physicians further noted claimant had other conditions requiring treatment, and prescribed medication for them. The documents received after the ALJ issued his decision better document claimant's subjective complaints of pain and other conditions, and the objective or clinical evidence supporting those complaints. It appears those conditions may have been worsening.

After carefully considering the record as a whole and the arguments set forth by the parties, the court does not find substantial evidence in the record as a whole to support the ALJ's conclusion that claimant could perform work at a medium exertion level. "For a claimant to qualify for work at any level, that claimant must have the ability to perform the tasks of employment on a daily basis." Hall v. Chater, 62 F.3d 220 (8th Cir. 1995). Here, there is not substantial evidence on the record to support the conclusion that claimant is capable of medium exertional-level work on daily basis. Accordingly, this case should be remanded to the Commissioner for further development of the record, if required, and for further consideration of all of the medical evidence and not just claimant's hypertension.

For these reasons, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further consideration of the medical evidence, and further development of the record, if required.

Dated this 24th day of April, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4